Judge Hitchcock
delivered the opinion of the court:
This case was once before the court in a different shape, and the court then intimated an opinion that although these complainants could not defend at law, yot that in a proper case made, they might have relief in chancery. Lessee of Wallace v. Seymour and Rennick, 7 Ohio, 156. It may seem to be somewhat novel that a purchaser at a sale for taxes can acquire a right which can be enforced in equity, although he is defeated at law. But such a principle was recognized in the case cited, and it grew out of the peculiar phraseology of our statutes upon the subject. And it was ex* pressly held, in that case, where lands have been entered and surveyed in the military district and sold for taxes before patented, that when patented, “the patentee must hold the land subject to any claim” which a purchaser at tax sale may have in consequence of such sale. This is upon the supposition that the sale for taxes is legal, although in truth if the sale be not legal, a purchaser at such sale acquires no rights whatever; at least he acquires none to the land itself, neither legal nor equitable, although if he goes into possession and makes improvements, he may, under the law for the relief of occupying claimants of land, recover compensation for the improvements made. If the court were right in the decision of the case cited, it would seem that the only inquiry in this case must be, whether the sale for taxes under which the complainants claim, was in conformity with law. No exceptions are taken to it, except such as grew out of circumstances which transpired previous to the judgment, such as the informality in listing, etc. The quantity of land is listed as 800 acres, original entry 1,000, and which part of the 1,000 acres is intended is not described. And it is supposed that this comes within the case of Lafferty, Lessee, v. Byers, 5 Ohio, 458. In answer to this objection, it is proper to remark that the sale in the ease last cited, was under an entirely different statute from the one under which the sale in the present *case was made. That was a sale for the taxes direct; this was a sale under a judgment for the taxes.
The act of January 30, 1822, entitled “an act providing for the remission of penalties and for the sale of land for taxes,” 2 Chase’s Ohio L. 1216, under which the judgment was recovered on which this land was sold, in section 19 provides, that the deed to be executed by the auditor “ shall convoy to the purchaser all the title, either in law or equity, which the owner had in the lands *550 described in the said deed, at any time after the taxes, interest, and penalties, or either, for which the same was sold, began to accrue; and shall be received in all courts in this state and elsewhere as primá facie evidence of good title .to the land therein mentioned; nor shall the title conveyed by such deed be invalidated or affected by the reversal of such judgment, or any error therein, or by any error in the proceedings previous to the rendition of any such judgment relating to the charging or collecting of taxes on such land or the obtaining of any such judgment.” This law must be disregarded, or this exception on account of the'error in listing, if there was any error, must be disregarded. In carrying this law into effect we can not go behind the judgment to examine into the legality of previous proceedings.
Another exception taken to this tax sale is, that the judgment is for taxes in the name of Carneal and not of Holmes. This, however, can make no difference. The proceedings are rather in rem than in personam. The taxes were a lien upon the land, and the object of the law was to subject the lands to sale. Besides, although upon the'duplicate the lands were entered in the name of Carneal, yet the fact appeared, in the same duplicate, that Holmes was the original proprietor; and this fact, too, must have appeared in the advertisement giving notice of the sale; so that not only Carneal, but Holmes, or the heirs of Holmes, had notice that the taxes had not been paid, and, unless paid, that the land would be sold.
From anything appearing to the court, the proceedings after judgment were correct and the sale legal. The deed, made in pursuance of this sale, conveyed to the complainants, in the words of the statute, “all the title, either in law or equity,” of the former owner of the land. That title, at the time, was an equitable title; but since that period, the defendant, knowing these facts, has, as assignee of the former owners, acquired the *legal title. He can hold this title in no other character than as trustee for these complainants.
A decree will be entered enjoining the judgment in ejectment, and compelling Wallace to release.